# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4140 | **DATE** | 6/11/2013 |
| **CASE TITLE** | Vaughan vs. Alvarez et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this court determines that the complaint fails to state a claim on which relief may be granted. Vaughan's motion for attorney representation for leave to proceed in forma pauperis [3] is denied without prejudice. If Vaughan does not file an amended complaint by July 10, 2013, his case will be dismissed with prejudice without further order of this court. For more information, see below.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Nequan Vaughan brought a suit under 42 U.S.C. § 1983 and various state laws alleging he was wrongfully imprisoned beyond the term of imprisonment to which he agreed in his plea agreement. His suit names as defendants numerous officials, including: attorneys at the Cook County State's Attorney and Public Defender, the Cook County Circuit Court judge who sentenced him, and ten employees of the Illinois Department of Corrections (IDOC).

Vaughan alleges that he "was sentenced on 1.26.12 to a 3 year sentence of imprisonment and a 2 year term of Mandatory Supervised Release, pursuant to a fully negotiated plea agreement." (Compl. at ¶ 22, ECF No. 1.) Vaughan further alleges that he was incarcerated between January 27, 2012 and February 27, 2013 (a period of one year and one month), but that this was a period of imprisonment beyond that authorized by his plea agreement.

In screening a complaint, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor. Nonetheless, the facts alleged in Vaughan's complaint, do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." The complaint alleges that Vaughan was incarcerated for just over a year, but claims that this violated his plea agreement which was for three years of incarceration. The court cannot determine how a one year sentence could violate a three year plea agreement.

Should Vaughan attempt to re-plead his complaint, the court notes that judges and prosecutors cannot be sued because they are absolutely immune from liability under § 1983 for acts undertaken in their official roles. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). A "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant" and thus cannot be sued under

**STATEMENT**

§ 1983." *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995); *see also Stewart v. City of Chi.*, 2013 WL 2349709, at *1 (7th Cir. May 30, 2013). Thus the attorneys and judges are dismissed with prejudice; Vaughan may not replead his claims against them.

Moreover, Cook County and IDOC (which were not identified in the caption, but are named in Counts 8 and 9) cannot be held liable for Vaughan's alleged wrongful imprisonment under *respondeat superior* (Count 8) because *respondeat superior* is not available for alleged violations of § 1983. The complaint also fails to make sufficient factual allegations against the individual IDOC defendants to state a claim. A plaintiff must allege facts that indicate that each defendant caused or at least had some ability to influence or remedy the deprivation the plaintiff suffered. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Plaintiff must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution.").

If Vaughan needs assistance in adequately preparing his pleadings, he should consider making an appointment with the pro se help desk, located on the 20th floor of this courthouse. Appointments can be made by calling (312) 435-5691. The court retains Vaughan's motion for attorney representation and application for leave to proceed in forma pauperis; should he file an amended complaint, he need not re-submit these materials.